

## RECONSIDERATION OF PRIOR DECISIONS

## CASE ANNOUNCEMENTS

*June 25, 2014*

[Cite as *06/25/2014 Case Announcements #2*, 2014-Ohio-2726.]

## APPEALS NOT ACCEPTED FOR REVIEW

**2014–0471.  In re B.B.**

Seneca App. Nos. 13–13–36 and 13–13–37.

O'DONNELL and KENNEDY, JJ., dissent.

O'NEILL, J., dissents with opinion.

O'NEILL, J., dissenting.

{¶ 1} According to the appellate court opinion in this case, the great-grandparents of the two minor children sought custody based on their claim that the parents had sexually abused both children, had abandoned them, were unable to provide care and support for them, and were unfit parents. There has never been a finding of abuse or neglect of these children; however, it appears that their parenting skills are marginal at best.

{¶ 2} The change-of-custody matter filed by the great-grandparents proceeded to a hearing before a magistrate, but counsel was not appointed to represent the indigent parents. The magistrate recommended granting custody to the great-grandparents after finding that the parents were unfit to raise the children. The common pleas court judge adopted the magistrate's recommendations and custody of the children was awarded to the great-grandparents.

{¶ 3} Case law in Ohio is consistent that the trial court had both the authority and the duty to remove these children from the dangerous and unacceptable living arrangement with their parents. I have no problem with a court removing children from the custody of their parents when those parents have been shown to be unfit. However, when parents are facing the possibility of losing custody of their child, even for a day or a week, they have a constitutional right to be represented by counsel and to have counsel appointed to represent them if they are indigent. The United States Supreme Court held in *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), that the parent-child relationship "undeniably warrants deference and, absent a powerful countervailing interest, protection." The high court has also recognized that parents have a "fundamental liberty interest * * * in the care, custody, and management of their child." *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

{¶ 4} More recently, in *Troxel v. Granville*, 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), the Supreme Court stated that "it cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children."

{¶ 5} In *In re Perales*, 52 Ohio St.2d 89, 98, 369 N.E.2d 1047 (1977), the Ohio Supreme Court held that "parents may be denied custody only if a preponderance of the evidence indicates abandonment, contractual relinquishment of custody, total inability to provide care or support, or that the parent is otherwise unsuitable—that is, that an award of custody would be detrimental to the child."

{¶ 6} Additionally, Juv.R. 4(A) states:

Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute.

{¶ 7} It is without question that we are talking about the abridgement of a fundamental constitutional right here. To suggest that these parents are not entitled to counsel at this critical stage of their parent-child relationship is patently absurd.

{¶ 8} The appellate court in this case made its decision in reliance on a perceived distinction between permanent custody and legal custody. When permanent custody is granted, it is the civil equivalent of the death penalty. The parents can never reacquire custody of their children. By contrast, when legal custody is granted, the parents may seek custody at a later time through a custody modification procedure. R.C. 2151.42(B). It is undisputed that parents are appointed counsel in permanent-custody cases. R.C. 2151.352. It makes no sense to deny parents that same right in

legal-custody cases. In both situations, the court is separating children from their parents. In both cases, the parents' fundamental right to raise their own children is being abrogated. What difference does it make whether the children are being permanently removed or removed for a few days, weeks, or years? The parents' relationship with their children has been terminated in both situations.

{¶ 9} There is no more important relationship than that between a parent and a child. The least we can do is ensure that parents are represented by counsel before that bond is broken. I would hold, as a matter of law, that when the state interferes with custody of children, for a moment or a lifetime, the parents' right to counsel has attached. To hold otherwise violates the Constitution. In no other situation has this court ever held that a fundamental constitutional right can be infringed without triggering an indigent person's right to appointed counsel.

{¶ 10} This court should accept jurisdiction in this matter.

## CASE ANNOUNCEMENTS

### June 25, 2014

[Cite as *06/25/2014 Case Announcements #3*, 2014-Ohio-2755.]

## MOTION AND PROCEDURAL RULINGS